## RISING v. GIBBS.

### No. 14,715; August 1, 1892.

30 Pac. 589.

**Canceling Deed.—A Complaint to Cancel a Deed Alleged** that defendant, without plaintiff's consent, abstracted the deed from a safe where it had been deposited by plaintiff in escrow pending the completion of a proposed sale to defendant of land therein described; that defendant after thus obtaining the deed caused it to be recorded; that no money was ever paid for the land; and defendant refused to pay the consideration or reconvey to plaintiff. Held, that the complaint showed a good cause of action.

APPEAL from Superior Court, Los Angeles County; Walter Van Dyke, Judge.

Action by Charles E. Rising against E. A. Gibbs to set aside and cancel a deed to land. Plaintiff had judgment, and defendant appeals. Affirmed.

Geo. W. Glowner (Frederick Hall, of counsel) for appellant; Knight & Knight for respondent.

FOOTE, C.—This action is to set aside and cancel a deed, which it is alleged the defendant without plaintiff's consent fraudulently abstracted from a safe, where it had been deposited in escrow by the plaintiff pending the completion of a proposed sale of the land described therein to the defendant. It is further alleged in the complaint that, after getting possession of the deed in this fraudulent manner, the defendant kept it and caused it to be recorded; that no money was ever paid for the purchase of the property; that the defendant refused and still refuses to pay the consideration of the deed so fraudulently obtained and recorded, or restore the property by reconveyance to plaintiff. It is prayed that the deed be ordered delivered to plaintiff and canceled. As will be readily seen, the action is in its nature to quiet the title of the plaintiff to his property, by ordering a deed to be canceled which has surreptitiously and fraudulently come to the possession of the defendant, and had been recorded by him to

the injury of the plaintiff. We think the facts set out in the complaint show a good cause of action, and that the demurrer was properly overruled.

The point is made that the findings are not supported by the evidence. The evidence for the plaintiff fully makes out his case; that of the defendant is flatly contradictory thereto, but seems not to have had any weight given to it by the trial court. The evidence as to value of the land and the consideration for the proposed sale was proper to meet the contention of defendant that the consideration paid for the land described in the deed was the sum of $332.95, a small and inadequate price for it, and which the evidence showed on the trial was a store account owed by plaintiff to defendant. We perceive no error whatever in this record, and are of opinion that the appeal is totally devoid of merit, and advise that the judgment and order refusing new trial be affirmed.

We concur: Vanclief, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order refusing a new trial are affirmed.